## LOPER *v.* THE STATE, 3 Howard, 429.

### MURDER.

If the caption of the record fails to show in what county and at what place the court was holden, the record of the subsequent proceedings may be referred to, and considered in connection with the caption, to remove the uncertainty. The whole record should be considered together, and that which is uncertain in one part, may be rendered clear by that which is certain in another part.

Where the accused submits his affidavit, fortified by that of another, setting forth grounds, and praying for a change of *venue*, and the court makes the order changing the *venue* accordingly, he will not be subsequently heard to criticise the regularity of his own proceedings. The court had full jurisdiction to make the order, and this court will not presume against its regularity.

The *venue* was changed from Lafayette county to Marshall; the transcript of the record of the circuit court, certified and transmitted with the papers by the clerk, were found to be imperfect; there is no doubt that the circuit court of Marshall county had authority to award a *certiorari* to the clerk of Lafayette circuit court to forward an amended record.

The statute requires that the prisoner shall be furnished with a copy of the indictment and a list of the *venire*, two entire days before the trial; and he cannot be

compelled to go to trial without it.   But if he goes to trial without this, making no objection, he will be deemed to have waived this right, and will not be allowed to object here.

Error to Marshall circuit court.

*Robert Hughes* for plaintiff in error.

*T. F. Collins*, attorney general.

TROTTER, J. ·

This was a prosecution for murder, commenced in the circuit court of Lafayette county.   The indictment was found the May term of that court, 1838.   After pleading not guilty, the plaintiff applied to the court to change the *venue*, and in support of his application presented his affidavit and that of Alexander McFarland, which, in substance stated, that from the prejudice existing in the public mind in the county of Lafayette, the plaintiff could not have a fair trial, etc.   The *venue* was ordered to be changed to Marshall county.   And at the September term of the circuit court of that county he was tried and convicted. On a motion for a new trial, grounded on alleged defects in the original transcript of the record in Lafayette county, the court, on a suggestion of diminution awarded a *certiorari*, in obedience to which the clerk of the Lafayette circuit court forwarded an amended record.   The principal errors assigned in this cause arise out of the matters presented on the motion.

1. The first error assigned is, that the record on which the defendant was tried was defective, and that it was not competent for the court to amend it.   That amendments are not allowed in criminal cases, nor are they embraced by the statute of jeofaile.   The caption of the record to which this objection is in part directed, is very informal and inartificial, and is, unaided by the other parts of the record, defective, as it does not state in what county nor at what place the court had opened its session. The subsequent proceedings, however, very satisfactorily remove the uncertainty in this respect, and may very properly be referred to, and considered in connection with the caption.   It is a well-settled rule in the construction of deeds, statutes, and records, that all the parts of the deed and all statutes in *pari materia*, as well as the whole of the record, must be viewed together.   And

that which is uncertain in one part may be rendered clear by that which is certain in another part. In other parts of the record it is stated in direct terms that the court was holden at the town of Oxford, in the county of Lafayette. It is objected, however, that the certificate of the clerk is not as full as the requirements of the statute, which directs him to send a transcript of all the minutes of the court, and of the papers in the cause. The general certificate referred to as the ground of this objection is perhaps not full enough. But he has given a separate certificate of each of the papers mentioned in the descriptive list made out by him, and we think this is as well as if the general certificate objected to had referred to them aggregately. He has, to be sure, called these papers originals, but that is evidently a mere clerical blunder, which cannot change the character of the record. But the court certainly had the power to supply any diminution of the record. The power is unconnected with the question of amendments. In awarding a *certiorari,* the court only aims to get the whole record as it exists. Its office is not to change the record, but to perfect it. It is, therefore, technically speaking, no amendment. And the power to award *certioraries* has always been conceded to the courts as well in criminal as in civil cases.

2. It is insisted in the second place, that the order to change the *venue* was illegal, and therefore, conferred no jurisdiction of the cause upon the circuit court of Marshall county. But there does not appear upon the record any foundation for this objection. The affidavit of the prisoner, which states the ground of his belief, that he cannot have a fair and impartial trial in the county of Lafayette, and also that of McFarland to sustain and corroborate it, are both shown upon the record as a portion of the proceedings in the cause. It is objected, however, that it does not appear that they were sworn in open court, and that the clerk before whom the jurat was taken, had no authority to administer an oath in such a case out of court. But we think it sufficiently appears that they were sworn in open court, and at all events, that they were sufficient to persuade the court of the necessity for a change of *venue.* We can draw no other conclusion, from anything apparent upon the record. But it strikes the court that this is a novel objection. The defendant below makes an affida-

vit containing grounds for removing his trial, and for his benefit the court awards the change. How, then, can he be heard to criticise the regularity of his own proceedings? But a conclusive answer to this objection is, that the court below had full jurisdiction to make the order. It has done so, and we should be acting in violation of well-established principles to presume against the regularity of the order in the absence of any proof that such was the case. The sufficiency of the proof was a question for the determination of that court. It deemed the proof sufficient, and we have nothing to do with it. Surely it will not be contended that the judgment of a court of competent jurisdiction can be attacked because the record does not show all the proof upon which it was rendered. But the record in this case does state that the prisoner applied in person for change of *venue*, and this shown by a distinct averment of the order itself. It states that the defendant's application, supported by his affidavit and that of Alexander McFarland, came up, etc.

3. The last objection taken is, that the prisoner was not furnished with a copy of the bill of indictment and a list of the *venire* two entire days before the trial, as required by law. The statute requires this to be done to enable the prisoner to prepare his defense and his challenge to the jurors; and he cannot be compelled to go to trial without it. He may waive this, however, and consent to a trial immediately; and if he does, he cannot afterwards object. As the prisoner made no objections in the court below, he cannot object here. Such was the decision of the supreme court in the case of Johnson v. The State, Walk. R., 396; of this court in the case of Shaffer v. The State, 1 How., 238. The same doctrine is recognized in Chitty Cr. Law, 405.

The judgment of the court below must, therefore, be affirmed.